Scott T. Tross, Esq.
Jaimee Katz Sussner, Esq.
Herrick, Feinstein LLP
One Gateway Center, 22nd Floor
Newark, New Jersey 07102
Tel: 973.274.2000
E-mail: stross@herrick.com
          jsussner@herrick.com
*Attorneys for Defendant Grocery Haulers, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN QUEEN, RAMON FRANCO, and HENRY ROGUZ, <br><br> Plaintiffs, <br><br> vs. <br><br> GROCERY HAULERS INC., <br><br> Defendant. | 11-cv-06592 (CCC) (JAD) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Grocery Haulers Inc. ("GHI") by its attorneys, Herrick, Feinstein, LLP, as and for its Answer to the Complaint and Jury Demand ("Complaint") of Brian Queen, Ramon Franco, and Henry Roguz (collectively, "Plaintiffs"), alleges as follows:

### As To Count I

1. GHI admits that Plaintiffs are all former full time employees of GHI, but denies the remaining allegations contained in Count I, Paragraph 1 of the Complaint.

2. GHI admits that it is a corporation with a place of business at 286 Homestead Avenue, Avenel, New Jersey, but denies the remaining allegations contained in Count I, Paragraph 2 of the Complaint.

3. GHI denies the allegations contained in Count I, Paragraph 3 of the Complaint.

4. GHI neither admits nor denies the allegations contained in Count I, Paragraph 4 of the Complaint, as it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph.

5. GHI neither admits nor denies the allegations contained in Count I, Paragraph 5 of the Complaint, as it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph.

6. GHI neither admits nor denies the allegations contained in Count I, Paragraph 6 of the Complaint, as it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph.

7. GHI denies the allegations contained in Count I, Paragraph 7 of the Complaint.

8. GHI denies the allegations contained in Count I, Paragraph 8 of the Complaint.

9. GHI denies the allegations contained in Count I, Paragraph 9 of the Complaint.

## As To Count II

10. With respect to Count II, Paragraph 1 of the Complaint, GHI repeats and realleges each and every allegation set forth in the preceding paragraphs of the Answer as if set forth here in full.

11. GHI denies the allegations contained in Count II, Paragraph 2 of the Complaint.

12. GHI denies the allegations contained in Count II, Paragraph 3 of the Complaint.

13. GHI denies the allegations contained in Count II, Paragraph 4 of the Complaint.

14. GHI denies the allegations contained in Count II, Paragraph 5 of the Complaint.

### As and for a First Affirmative Defense

15. The Complaint fails to state a cause of action upon which relief can be granted.

### As and for a Second Affirmative Defense

16. The Millville Dallas Airmotive Plan Job Loss Notification Act does not impose liability upon an employer when mass layoffs were to result of a court order or bankruptcy.

### As and for a Third Affirmative Defense

17. The Millville Dallas Airmotive Plant Job Loss Notification Act violates the Takings Clause of the Fifth Amendment of the United States Constitution.

### As and for a Fourth Affirmative Defense

18. The Millville Dallas Airmotive Plant Job Loss Notification Act violates the Due Process Clause of the Fifth Amendment of the United States Constitution.

### As and for a Fifth Affirmative Defense

19. The Millville Dallas Airmotive Plant Job Loss Notification Act violates the New Jersey Constitution, including Article 1.

### As and for a Sixth Affirmative Defense

20. The causes of action stated in the Complaint are barred by the entire controversy doctrine, the applicable statute of limitations, laches, and the terms of the parties' collective bargaining agreements.

### As and for a Seventh Affirmative Defense

21. At all times relevant hereto, Defendant has acted in good faith with respect to any rights which may be secured to Plaintiffs under any federal, state, or local laws, rules, regulations or guidelines.

### As and for an Eighth Affirmative Defense

22. The incident and damages, if any, complained of were caused solely by the separate, independent and/or negligent actions and/or inactions of third parties over whom GHI exercised no control.

### As and for a Ninth Affirmative Defense

23. To the extent that Plaintiffs have been damaged, Plaintiffs have failed to minimize or mitigate such damages.

### As and for a Tenth Affirmative Defense

24. GHI did not breach a contract with any party in interest.

### As and for an Eleventh Affirmative Defense

25. Plaintiffs have failed to join indispensable parties under Rule 19 and, thus, the Court cannot afford full relief.

**WHEREFORE**, GHI respectfully requests that judgment be granted in its favor dismissing the Complaint in all respects and that it be awarded attorneys' fees and costs it incurs in defending against this action and such other and further relief that the Court deems just and proper.

Dated: Newark, New Jersey
       November 22, 2011

                                        HERRICK, FEINSTEIN LLP
                                        Attorneys for Defendant Grocery Haulers, Inc.

                                        By:   /s/ Jaimee Katz Sussner
                                                 Scott T. Tross
                                                 Jaimee Katz Sussner