UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

### LETTER ORDER

November 23, 2011

Attorney General Paula T. Dow
Office of the Attorney General
P.O. Box 080
Trenton, NJ 08625

Re: **International Brotherhood of Teamsters, Local 683 v. Grocery Haulers, Inc.
Civil Action No. 2:11-6592 (CCC / JAD)**

**Brian Queen, et al. v. Grocery Haulers, Inc.
Civil Action No. 2:11-6592 (CCC / JAD)**

Dear Ms. Dow:

   Pursuant to 28 U.S.C. § 2403 and Federal Rule of Civil Procedure 5.1(b), this Court certifies that Grocery Haulers, Inc. ("GHI") has asserted as an affirmative defense, in the above captioned matters, that the Millville Dallas Airmotive Plant Jobs Loss Notification Act (the "Millville Act"), N.J.S.A. 34:21-1, et seq., violates (i) the Takings Clause of the Fifth Amendment of the United States Constitution; (ii) the Due Process Clause of the Fifth Amendment of the United States Constitution; and (iii) the Constitution of the State of New Jersey.

   Under Section 2403, the State is permitted "to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b). If the State does intervene, it "shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." Id.

   Accordingly, since the constitutionality of the Millville Act has been challenged, the State is permitted to intervene in the above captioned matters.

SO ORDERED

*[signature]*

JOSEPH A. DICKSON, U.S.M.J.

Cc:   Hon. Claire C. Cecchi, U.S.D.J.
      All Counsel (via ECF)